UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSUNION, LLC; MONTGOMERY PURDUE BLANKINSHIP & AUSTIN, PLLC; and SHUCKIT & ASSOCIATES, PC,<br><br>Defendants. | NO: 2:17-CV-086-RMP<br><br>ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS |

BEFORE THE COURT are Plaintiffs' Motion to Remand, ECF No. 6, and Defendants' Joint Motion to Dismiss Plaintiffs' Complaint, ECF No. 7. The Court has reviewed the motions, the record, and is fully informed.

## BACKGROUND

Plaintiffs have established a pattern of filing frivolous claims and arguments that are unsupported by any legal or factual bases. In Case No. 2:15-cv-00325-RMP, Plaintiffs filed claims against seventeen defendants, thirteen of which have

ORDER DISMISSING CASE~ 1

been dismissed as Defendants. One of those Defendants, TransUnion, LLC, made a settlement offer to Plaintiffs, which was unequivocally accepted. Both before and after accepting the settlement terms, Plaintiffs demanded usurious amounts and additional concessions, and repeatedly threatened to file lawsuits against opposing counsel and their respective law firms. *See generally* ECF No. 154. When this Court upheld the valid settlement agreement, Plaintiffs filed the present suit, in accordance with their threats.

This current matter arises out of Plaintiffs' four-page Complaint that was filed in state court and was properly removed to federal court due to Plaintiffs' assertions of violations of a federal statute, the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809). *See* ECF No. 1. Plaintiffs' Complaint argues that Defendants are liable to the Roscos for violating the Gramm-Leach-Bliley Act, which they argue serves as the basis for claims under the Washington Consumer Protection Act ("WCPA"). *See id*. The Complaint lists four "counts" that all allege the same conduct: "publication" of what Plaintiffs assert was "personally identifiable financial information" or "PIFI." *Id*. These alleged "publication[s]" consisted of Defendants having filed documents in this Court in Case No. 2:15-cv-00325-RMP. Although the Court does not resolve disputed issues of fact at this stage of litigation, this Court has reviewed each of the relevant documents, which

are heavily redacted, and notes that this present case only arose when the Court ruled against Plaintiffs in that prior matter.[1]

Plaintiffs filed a motion to remand this suit back to state court, as they urge this Court to read their Complaint as only alleging claims pursuant to the Washington Consumer Protection Act. *See* ECF No. 6. However, Plaintiffs brought four counts that only allege violations of the same federal statute. ECF No. 1. The Court is unconvinced by their attempt to avoid federal jurisdiction (which also would avoid this Court's familiarity with their vexatious history) by arguing that they are only seeking liability through the Washington Consumer Protection Act. The only Complaint before the Court states violations of a federal statute; therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The Court liberally construes pro se pleadings, but it bears noting that Plaintiffs' pleadings are rambling, difficult to understand, focus on irrelevant arguments, and Plaintiffs continue to misrepresent the record to fit their present interests. As one example, Plaintiffs stated that they did not "ask for any monetary damages at the beginning of the prior lawsuit." ECF No. 11 at 2. Contrary to this statement, their Complaint in Case No. 2:15-cv-00325-RMP shows that Plaintiffs initially sought "$1,000 per violation of 15 U.S.C. 1681etseq. [sic]." From the

---

[1] In Case No. 2:15-cv-00325-RMP, Plaintiffs never sought to have the relevant documents sealed, as they do now in this separately filed matter.

ORDER DISMISSING CASE~ 3

start of that lawsuit, Plaintiffs sought large amounts of monetary damages, based in large part on baseless claims.

ANALYSIS

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is not required to establish a probability of success on the merits; however, he or she

must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] [p]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"The Gramm–Leach–Bliley Act prohibits financial institutions' disclosure of non-public personal information. There is no private right of action under 15 U.S.C. § 6801." *Gehron v. Best Reward Credit Union*, No. 10CV2051-IEG BLM, 2011 WL 976624, at *2 (S.D. Cal. Mar. 15, 2011). In Plaintiffs' Motion to Remand, ECF No. 6, they recognize this fact, stating, "[a]s the court and Defendants are most likely aware, there is no private right to sue under the Federal statute of GLBA." The four "counts" in Plaintiffs' Complaint all allege violations of the Gramm–Leach–Bliley Act, and accordingly, are dismissed with prejudice.

To the extent Plaintiffs' four counts are intended to support state claims for violations of the Washington Consumer Protection Act, Plaintiffs fail to allege facts that would support such a claim. "[T]he Washington State Supreme Court held a private plaintiff's CPA claim 'must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation.'" *Gragg v. Orange Cab Co.*, 942 F.Supp.2d 1111, 1116 (W.D. Wash. 2013) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Insur. Co.*,

ORDER DISMISSING CASE~ 5

105 Wash.2d 778, 780 (1986)). Plaintiffs' entire case is premised on their argument that their "PIFI" was "published" when Defendants filed documents with this Court in Case No. 2:15-cv-00325-RMP. They fail to allege how this was an "unfair or deceptive act or practice." The Court need not proceed further to state how Plaintiffs' factual allegations fail to meet the other elements of a WCPA claim, as the Court finds that this case is simply a vexatious attempt to harass Defendants as a result of this Court's rulings in Defendants' favor in Case No. 2:15-cv-00325-RMP.

Plaintiffs recognize that they do not have a private cause of action under the federal statute that they invoke. Based on the foregoing discussion, there is nothing remaining for this Court to remand to state court, as the Court declines to allow Plaintiffs to further litigate a baseless WCPA claim that is premised on Defendants' filing of documents before this Court.

The Court recognizes that "leave to amend need not be granted if amendment would be futile." *Westcott v. Wells Fargo Bank, N.A*, 862 F.Supp.2d 1111, 1115 (W.D. Wash. 2012) (citing *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)). However, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

The Court finds that granting Plaintiffs leave to amend their deficient Complaint would be futile.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion to Remand to State Court, **ECF No. 6**, is **DENIED AS MOOT**.

2. Defendants' Joint Motion to Dismiss Plaintiffs' Complaint, **ECF No. 7**, is **GRANTED**.

3. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

4. **All other pending motions**, if any, **ARE DENIED AS MOOT**.

The District Court Clerk is directed to enter this Order, provide copies to counsel and pro se Plaintiffs, and **close this case**.

**DATED** July 10, 2017.

*s/Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DISMISSING CASE~ 7